**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 22-1-DLB**

**DONTE LAMONT HARRIS,**                                                                **PLAINTIFF**

**V.**                                    **MEMORANDUM OPINION AND ORDER**

**COOKIE CREWS, et al.**                                                          **DEFENDANTS**

**\*\*\* \*\*\* \*\*\* \*\*\***

Plaintiff Donte Lamont Harris is an inmate currently incarcerated at the Eastern Kentucky Correctional Complex ("EKCC"). Harris has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. # 1) The Court has granted his motion to proceed *in forma pauperis* by separate Order. The Court must review the Complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage of the case, the Court accepts all non-conclusory factual allegations in the Complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Harris alleges that in May 2020, EKCC Officer Seabolt "arbitrarily" handcuffed him at the direction of Deputy Warden Wallace, and that neither told him why he was being detained before handcuffs were applied. (Doc. # 1 at 2). He was then placed in the segregation unit, and someone (Harris does not say who) shaved his dreadlocks under threat of harm. Harris indicates that he is a Rastafarian. *Id*. at 2, 4.

Harris next complains that the following day an unidentified investigator did not question all of the witnesses that he asked to be interviewed with respect to the disciplinary charges that had been filed against him.  Harris does not specify either the nature or the disposition of the charges.  Two weeks later, Lieutenant Elam conducted a disciplinary hearing.  Harris asserts that Elam did not tell him that he could remain silent during the hearing and denied him the right to have certain witnesses testify.  (Doc. # 1 at 4).  Harris indicates that in July 2020, Warden Green denied grievances that he filed regarding the disciplinary proceedings. (Doc. # 1 at 5-6).  Harris also contends that Kentucky Department of Corrections Commissioner Cookie Crews is liable because she had an obligation to ensure that her employees would comply with the Constitution.  *Id*. at 5.  Harris lists a Lt. Henton as a defendant, (Doc. # 1 at 2), but he makes no allegations against him or her.

The Court has thoroughly reviewed the Complaint and concludes that it must be dismissed for several reasons.  First, Harris points to no basis for his implicit assertion that a prisoner has a constitutional right to be told the reason he is being handcuffed prior to the detention, and the Court is aware of none.  Instead, Supreme Court authority establishes that prison officials are warranted in conducting searches and seizures and taking measures to ensure prison safety which would otherwise not be permitted in other contexts.  *Cf. Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 326 (2012) (*citing Turner v. Safley*, 482 U.S. 78 (1987) and *Bell v. Wolfish*, 441 U.S. 520 (1979)).  Harris's allegations against Seabolt and Wallace therefore fail to state a claim upon which relief may be granted.

Even if this were not so, Harris's claims are barred by the statute of limitations. Civil rights claims arising out of conduct occurring in Kentucky must be filed within one year. *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009). Harris's claims against Seabolt and Wallace accrued immediately in May 2020 because he "[knew or had] reason to know of the injury which is the basis of his action." *Michel v. City of Akron*, 278 F. App'x 477, 479-80 (6th Cir. 2008) (holding that a Fourth Amendment claim under § 1983 begins to run at the time of the search or seizure). Harris did not file suit until nearly eight months after the statute of limitations had expired. His claims are therefore time-barred and must be dismissed.

Harris's allegations also suggest a First Amendment claim based upon the shaving of his dreadlocks. But his claim is also barred by the statute of limitations for the same reasons stated above. In any event, Harris does not allege that any of the named defendants actually cut his hair, and therefore his Complaint fails to adequately state a claim in this regard. Federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("[e]ven a pro se prisoner must link his allegations to material facts … and indicate what each defendant did to violate his rights …"); *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.").

Harris's due process claim arising from the prison disciplinary proceeding must also be dismissed. Harris indicates that he appealed Lieutenant Elam's decision

3

regarding the charges, but that Warden Green denied his appeal in July 2020.  This suggests that Harris was convicted of the charges.  If so, *and* if Harris lost good conduct time as a result, his claim under Section 1983 is premature.  *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (holding that an inmate's allegations are not cognizable under Section 1983 if they would necessarily imply the invalidity of the punishment imposed in prison disciplinary proceeding resulting in the loss of good conduct time);  *see also Wilkinson v. Dotson*, 544 U.S. 74 (2005).  If Harris was not convicted, or if he was convicted but did not lose good conduct time as a result, *Balisok* is not implicated.  However, his claim would be time barred as having been filed more than one year after the initial denial of his appeal in July 2020.  Because the Complaint does not clearly indicate the effect, if any, of the disciplinary conviction upon the length of Harris's sentence, the Court will assume the application of *Balisok* and dismiss this claim without prejudice.

Finally, Harris's allegations fail to state a claim against either Warden Green or Commissioner Crews.  While Harris seeks to render Crews liable for the asserted misdeeds of her subordinates, *respondeat superior* is not an available theory of liability in an action under Section 1983.  *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).  The fact that Crews possessed a measure of supervisory authority over prison guards at a remote facility is not, without more, a sufficient basis to render her vicariously liable for their actions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term supervisory liability is a misnomer.") (cleaned up).  Likewise, Warden Green's denial of Harris's grievance did not make him personally involved in the underlying conduct as required for liability to attach.  *Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003)

4

("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Martin v. Harvey*, 14 F. App'x 307, 309-10 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").  And, as noted above, any claims against them would likewise be barred by the statute of limitations.

Accordingly, it is **ORDERED** as follows:

(1)     The claims in Harris's complaint (Doc. # 1) against Defendants Commissioner Cookie Crews, Warden James Green, Deputy Warden Terry Wallace, Lieutenant Helton, and Lieutenant William Seabolt are **DISMISSED** with prejudice.

(2)     The claims in Harris's complaint (Doc. # 1) against Defendant Lieutenant Walter Elam are **DISMISSED** without prejudice.

(3)     This matter is **STRICKEN** from the active docket.

This 14th day of January, 2022.



Signed By:

*David L. Bunning*

**United States District Judge**

K:\DATA\ORDERS\PSO Orders\0-22-1 MOO.docx